UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PETULA WRIGHT LLOYD,

     Plaintiff,

vs.                             Case No.

UNITED COLLECTION BUREAU, INC.

     Defendant.

_____/

## COMPLAINT

Plaintiff, PETULA WRIGHT a.k.a. Petula Lloyd ("Plaintiff"), by and through undersigned counsel, hereby files the following Complaint against Defendant, United Collection Bureau, Inc. ("Defendant") and alleges.

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).

## PARTIES

3. Plaintiff is an individual residing in Stockbridge, Georgia.

4. Plaintiff is a 'consumer' within the meaning of FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant is a Ohio corporation with its principle place of business located in Toledo, Ohio.

6. At all relevant times, Defendant has been and is engaged in the business of collecting and attempting to collect consumer debts in the state of Georgia and within the Northern District of Georgia

7. As such, Defendant is a 'debt collector' within the meaning of 15 U.S.C. § 1692a(6) as its principal purpose is the collection of debt or it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and uses the mails to accomplish this purpose and collect debts.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

9. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §1391(b) because the events giving rise to the claims occurred in the Northern District of Georgia.

## GENERAL ALLEGATIONS

10. On April 21, 2014 and August 25, 2014, Defendant sent or caused to be sent to Plaintiff via U.S. Mail, letters attempting to collect a debt or financial obligation allegedly incurred by Plaintiff for primarily personal, family, or household purposes (hereinafter debt letter) and Plaintiff received it shortly thereafter.  A copy of these debt letters are attached hereto as **EXHIBIT A.**

11. These debt letters are 'communications' pursuant to 15 U.S.C. §1692a(2).

12. In the top third of each Debt Collection Letter, the Debt Collection Letter lists the current creditor as LVNV FUNDING LLC.  Right below that, the Debt Collection Letter provides the Original Creditor is Bank of America, N.A.  The letter from April 21, 2014 shows a current account balance of $13509.88.  The letter from August 25, 2014 shows a current account balance of $13281.65.  Neither debt collection letter indicates what parts

of this alleged debt are attributable to LVNV FUNDING LLC and what parts are allegedly owed to BANK OF AMERICA.

13. The debt letter from April 21, 2014 lists a balance of $13,509.88.  The debt letter from August 25, 2014 lists a balance of $13,281.65.  The difference between these two totals is $228.23.  Plaintiff attached bank logs here to show she paid $105.00 a month to the Defendant from January 2014 to October 2014.  **See Exhibit B.**   With payments rendered in May, June, July, and August that means Plaintiff paid $420.00.  The $228.23 is clearly not in line with those payment amounts.   The debt letters make no accounting of how only $228.23 difference occurred between the debt letter from April 21, 2014 and the debt letter from August 25, 2014.

14. As a result of Defendant's actions, if Plaintiff or any unsophisticated consumer could end up paying more in repayment of the debt that is actually allowed by the agreement or by law. The FDCPA does not require an unsophisticated consumer to rely on past notices, bills, or letters to understand the character of the debt being collected.

## COUNT I

## VIOLATON OF THE FAIR DEBT COLLECTION PRACTICES ACE

15. Plaintiff incorporates by reference paragraphs 1-14 of this Complaint as though stated fully herein.

16. The foregoing acts and omissions of Defendant violate 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(10), and 1692f, 1692f(1), 1692(h).

17. As a result of Defendant's violation of the FDCPA, pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to statutory damages up to $1,000.00 plus reasonable attorneys fees and costs.

## RELIEF SOUGHT

WHEREFORE, Plaintiff requests the court enter judgment in Plaintiff's favor for:

    i.    The maximum amount of statutory damages pursuant to 15 U.S.C. §1692k.;

    ii.    Attorneys fees, litigation expenses and costs pursuant to 15 U.S.C.

        §1692k(a)(3); and;

    iii.    For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues decidable by a jury.


January 12, 2015                  /s/ Kenneth L. LaVan
                                     Kenneth L. LaVan, Esq.
                                     GA. Bar No. 322045
                                     aneidenberg@disabilitylawclaims.com
                                     7067 D West Broward Boulevard
                                     Plantation, FL 33317
                                     954-617-2202
                                     (954) 523-3871 (Facsimile)
                                     *Attorney for Plaintiff*